Dear Dr. Savoie:
Your request for an Attorney General Opinion has been assigned to me. You have asked this Office to address the following questions concerning the establishment of the Board of Supervisors of Community and Technical Colleges:
 1) Can the new Board, upon its appointment by the Governor, begin to meet and organize as a body, engage in discussions of issues and matters related to the establishment of the new system, and provide direction to staff, institution officials, and others regarding transition efforts?
 2) What authority will the new Board have, upon its appointment, to take binding, legal action in any of a variety of areas? Specific examples which have been raised in preliminary staff discussions are:
 Can the Board establish task forces of community college and technical college personnel, as well as other appropriate staff, for purposes of formulating recommendations for system policies and procedures?
 Can the Board consider and adopt bylaws, policies, and other actions in anticipation of assuming responsibility for the new system of institutions as of July 1, 1999?
 Can the Board approve the employment of staff or consultants (utilizing the funding appropriated to the Board of Regents) to assist it in the preparation for assuming its duties as of July 1, 1999?
 3) If an appointee of the new Board is presently a member of an existing board or commission, can the appointee retain his or her position on that board or commission to serve until the new Board assumes full, operational responsibility for the institutions to be transferred to the new Board?
 4) Can the new Board members be compensated through a payment of per diem and expenses for their attendance and participation in any organizational meetings of the new Board prior to assuming full, operational responsibility for the institutions of the new system as of July 1, 1999?
Concerning your first request, Act 170 of the 1998 First Extraordinary Session, among other things, contained within it the language of a proposed new section to our State Constitution. The Act proposed adding Section 7.1 to Article VIII of our Constitution. Section 5 of proposed new Section 7.1 states:
 Section 5. Be it further resolved that if approved by the people this proposed amendment shall be effective as provided in Article XIII of this constitution in all respects, except that the actual transfer of institutions and programs over which the Board of Supervisors of Community and Technical Colleges has jurisdiction pursuant to this proposed amendment and any law enacted pursuant to the authority of this proposed amendment shall be effective July 1, 1999.
The proposed constitutional amendment was passed by a vote of the people. Therefore, with the one above noted exception, the "proposed amendment shall be effective as provided in Article XIII," which provides for an effective date of twenty (20) days after the governor's proclamation. As this time period has already elapsed, the new Board, upon its appointment by the governor, can begin to meet and organize as a body, engage in discussions of issues and matters related to the establishment of the new system, and provide direction to staff, institution officials, and others regarding transition efforts. It should be noted, however, that permissible "direction to institution officials" should not rise to the level of exercising actual governing authority over these institutions until July 1, 1999.
Secondly, you ask a series of questions concerning the new Board's authority to act prior to July 1, 1999. As pointed out above, the constitutional amendment is currently effective. The Board, after appointment, has the legal capacity to act in all areas you have queried. The areas all appear to stop short of exercising actual governing authority. Therefore, the new Board has the authority to act in those areas noted and in all other matters not rising to the level of exercising actual governing authority over the subject institutions.
Thirdly, you ask whether a member on an existing "board or commission" can also serve as an "appointee" of the new Board. I will assume for purposes of my response that an "appointee" is the equivalent of a board member. Article VIII, § 8(A) of the Louisiana Constitution states that, "No person shall be eligible to serve simultaneously on more than one board created by or pursuant to this Article." As noted above, the new Board is created by Article VIII. Therefore, a member of the new Board may not also "serve simultaneously" on any existing Board created by Article VIII.
It should also be noted that R.S. 42:61 et seq., concerning dual office holding may apply if the "appointee" is not presently a member of an Article VIII Board. However, your query does not provide sufficient facts to determine its applicability.
Finally, as the new Board is effective in all respects with one exception, the new Board members can be compensated in the same manner as existing Board members for attending Board meetings.
I trust your questions have been addressed.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:lrs Enclosures
Date Requested:
Date Released:
JAMES C. HRDLICKA Assistant Attorney General